Tionna Dolin (SBN 299010)
Email: tdolin@slpattorney.com
emailservices@slpattorney.com
**Strategic Legal Practices, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorneys for Plaintiff,
RYAN DONAGHY VINCENT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| RYAN DONAGHY VINCENT, <br><br> Plaintiff, <br><br> vs. <br><br> HYUNDAI MOTOR AMERICA; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> Assigned to: <br> Dept. <br><br> **COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS** <br><br> JURY TRIAL DEMANDED |

**COMPLAINT; JURY TRIAL DEMANDED**

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because the action alleges claims pursuant to 15 U.S.C. §2310, the Magnuson-Moss Warranty Act, with a claim that exceeds the amount in controversy of $50,000, pursuant to 15 U.S.C. §2310(d)(3)(B).

2. Plaintiff purchased the Subject Vehicle in San Bernardino County, California, and venue, therefore, is proper in this District pursuant to 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

3. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff RYAN DONAGHY VINCENT.

4. Plaintiff is a resident of Los Angeles County, California.

5. As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

6. Defendant HYUNDAI MOTOR AMERICA ("Defendant HMA") is a corporation organized and in existence under the laws of the State of California and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in San Bernardino County.

7. Defendant HMA engages in continuous and substantial business in California.

8. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and

capacities of the Defendants sued as DOES 1 to 10, Plaintiff will amend this Complaint to state their true names and capacities.

## TOLLING OF THE STATUTES OF LIMITATION

9. To the extent there are any statutes of limitation applicable to Plaintiff's claims – including, without limitation, the express warranty, implied warranty, and Magnuson-Moss claims – the running of the limitation periods have been tolled by, *inter alia*, the following doctrines or rules: equitable tolling, the discovery rule, the fraudulent concealment rules, equitable estoppel, the repair rule, and/or class action tolling (e.g., *the American Pipe rule*).

## FACTUAL BACKGROUND

10. On or about April 11, 2020, Plaintiff purchased a 2019 Hyundai Genesis G80, vehicle identification number KMTFN4JB4KU326125 (hereafter "Subject Vehicle" or "the Vehicle") which was manufactured and or distributed by Defendant, and sold by Defendant's authorized retailer in Victorville, San Bernardino County, California. The Vehicle was purchased or used primarily for personal, family, or household purposes. Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

11. Plaintiff received an express written warranty, including, a 5-year/60,000 mile express bumper to bumper warranty, a 10-year/100,000 mile powertrain warranty which, *inter alia*, covers the engine and transmission. Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired (A true and correct copy of HMA's Express Warranty Booklet is attached hereto as **Exhibit A**).

12. In sum, during the express warranty period, the Vehicle developed various defects, including but not limited to, defects related to the powertrain system, including the engine, and/or transmission; exterior defects; A/C defects; and other defects. The defects substantially impair the use, value and/or safety of the Subject Vehicle.

### Some Of Plaintiff's Vehicle's Repair History

13. The following is a brief summary of some portions of the Subject Vehicle's repair history.

14. On or about December 9, 2020, with approximately 17,715 miles on odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with engine concerns including, a loud engine rattling noise. Plaintiff's concerns were verified and oil was added.

15. Yet, on or about December 10, 2020, with approximately 17,816 miles on odometer, Plaintiff returned the Subject Vehicle to Defendant's authorized repair facility with ongoing engine concerns. Defendant's facility contacted Defendant directly concerning the Subject Vehicle and performed various engine repairs including replacing the turbo assembly. ***The Subject Vehicle was out of service for over 30 days***.

16. Thereafter, Plaintiff continued to experience symptoms of the Subject Vehicle's defects despite Defendant's representations that the Subject Vehicle was repaired.

17. Defendant failed to fully conform the Vehicle to its warranty as required under the Song Beverly Act despite being given a reasonable number of opportunities,[1] and failed to promptly offer restitution as required pursuant to the Song Beverly Act.

---

[1] "A manufacturer's duty to repurchase a vehicle does not depend on a consumer's request, but instead arises as soon as the manufacturer fails to comply with the warranty within a reasonable time. (*Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, 301-302, 45 Cal.Rptr.2d 10.) Chrysler performed the bridge operation on Santana's vehicle in August 2014 with 30,262 miles on the odometer—within the three-year, 36,000 mile warranty. The internal

3

**COMPLAINT; JURY TRIAL DEMANDED**

# FIRST CAUSE OF ACTION
# BY PLAINTIFF AGAINST DEFENDANT HMA
# VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2

18. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

19. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2).

20. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code section 1794.

21. Plaintiff suffered damages in a sum to be proven at trial in an amount not less than $75,000.00.

22. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution.

---

e-mails demonstrating Chrysler's awareness of the safety risks inherent in the bridge operation were sent in September 2013, and thus Chrysler was well aware of the problem when it performed the bridge operation on Santana's vehicle. Thus, Chrysler's duty to repurchase or provide restitution arose prior to the expiration of the three-year, 36,000 mile warranty. Moreover, although we do not have the actual five-year, 100,000 mile power train warranty in our record, Santana's expert testified that the no-start/stalling issues Santana experienced were within the scope of the power train warranty, which was still active when Santana requested repurchase in approximately January 2016, at 44,467 miles. Thus the premise of Chrysler's argument—that Santana's request for repurchase was outside the relevant warranty—is not only irrelevant, but wrong." *Santana v. FCA US, LLC,* 56 Cal. App. 5th 334, 270 Cal. Rptr. 3d 335 (2020).

Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c).

23. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (e).

24. Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (f).

## SECOND CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT HMA
## VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2

25. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

26. Although Plaintiff presented the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

27. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

28. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the purchase. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire contract price. In the alternative, Plaintiff seeks the remedies set forth in California Civil

Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis.*

29. Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

## THIRD CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT HMA
## VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2

30. Plaintiff incorporates by reference the allegations contained in paragraphs set forth above.

31. In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

32. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages; pursuant to Civil Code section 1794(c).

///

# FOURTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT HMA
## BREACH OF EXPRESS WRITTEN WARRANTY
### (CIV. CODE, § 1791.2, SUBD. (a); § 1794)

33. Plaintiff incorporates by reference the allegations contained in paragraphs set forth above.

34. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the Defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

35. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

36. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times of Plaintiff's actual damages pursuant to Civil Code section 1794(c).

# FIFTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT HMA
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (CIV. CODE, § 1791.1; § 1794; § 1795.5)

37. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

38. Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil

Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

39. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

40. At the time of purchase, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

41. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

## SIXTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT
## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

42. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

43. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

44. Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss

Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

45. The Subject Vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

46. In addition to the express warranty, in connection with the sale of the Vehicle to Plaintiff, an implied warranty of merchantability was created under California law. The Subject Vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the Vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

47. In accordance with Defendant's warranty, Plaintiffs delivered the Vehicle to Defendant's representatives, including its representatives in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion

48. Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to repurchase and/or replace the Subject Vehicle.

49. Plaintiff performed all terms, conditions, covenants, promises and obligations required to be performed on Plaintiff's part under the terms of the lease agreement, express warranty and implied warranty except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of Defendant and/or by operation of law.

50. Plaintiff has also met all of Plaintiff's obligations and preconditions to bring this claim, or alternatively it would have been futile for Plaintiff to do so.

51. In addition, Plaintiff has met all of Plaintiff's obligations for bringing this claim as provided in the written warranties, or alternatively, Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims

for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

52. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

53. Under the Act, Plaintiff is entitled to reimbursement of the entire amount paid or payable.

54. Plaintiff is entitled to all incidental, consequential, penalties, and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

55. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, implied warranty, as well as any other violations alleged here, and therefore bring this claim pursuant to 15 U.S.C. §2310(d) and seek remedies available pursuant to Magnuson-Moss Act under California law, including California Civil Code Section 1794 and/or California Commercial Code Sections 2711-2715, and/or other remedies that the Court may deem proper.

56. Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

    a.    For Plaintiff's actual damages in an amount according to proof;

    b.    For restitution;

| | | |
|---|---|---|
| c. | For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e); |
| d. | For any consequential and incidental damages; |
| e. | For equitable and injunctive relief as permitted under Civil Code section 1780; |
| f. | For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d); |
| g. | For costs, expenses, and attorney's fees reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2); |
| h. | For rescission of the purchase contract and/or restitution of all monies expended; |
| i. | Rescission of purchase contract under California Civil Code section 1692; |
| j. | For prejudgment interest at the legal rate; and |
| k. | For such other relief as the Court may deem proper. |

Dated: October 12, 2021          STRATEGIC LEGAL PRACTICES, APC


                                 BY: _____/s/ Tionna Dolin_____
                                      TIONNA DOLIN
                                      Attorneys for Plaintiff,
                                      RYAN DONAGHY VINCENT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: October 12, 2021          STRATEGIC LEGAL PRACTICES, APC

                                 BY: _____/s/ Tionna Dolin_____
                                      TIONNA DOLIN
                                      Attorneys for Plaintiff,
                                      RYAN DONAGHY VINCENT